UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
KRYSTAL BRISSET                                  CIVIL ACTION

VERSUS                                           NO. 06-3782

ARI MUTUAL INSURANCE COMPANY,                    SECTION "F"
NATIONAL PROPERTY DAMAGE EXPERTS,
SHANE THOMPSON, and LIBERTY MUTUAL
INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion for summary judgment on liability. For the reasons that follow, the motion is DENIED.

**Background**

On October 18, 2005, Krystal Brisset was injured in a car accident. She alleges that she was stopped in her Saturn on Lake Avenue near the intersection with Hammond Highway when Shane Thompson drove his employer's Chevrolet in reverse and collided with her car. On July 18, 2006, Ms. Brisset sued Shane Thompson, his employer, National Property Damage Experts, ARI Mutual Insurance, and Liberty Mutual Insurance.[1]

---

[1] Ms. Brisset alleges that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and further that the parties are of diverse citizenship because she is a Louisiana domiciliary, three of the defendants are New Jersey domiciliaries, and Liberty Mutual is a domiciliary of some unspecified state outside of Louisiana.

1

Ms. Brisset now moves for summary judgment on liability.  ARI Mutual, National Property Damage Experts, and Shane Thompson oppose summary judgment on the grounds that the motion is not properly supported by any evidence and that the motion is premature.  The Court agrees.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

The plaintiff contends that Shane Thompson drove his car in reverse, striking the front of her car, which was stopped for traffic.  Ms. Brisset supplies no record evidence to the Court to support her motion for summary judgment on liability.  She merely reproduces the allegations of her complaint.  Absent independent record evidence supporting her claim regarding liability, summary judgment is inappropriate.  Moreover, the Court agrees with the defendants' contention that the motion for summary judgment is premature.  Apparently, only the plaintiff has been deposed[2] thus far; depositions of other passengers in the plaintiff's car are scheduled for next week.  Because there is no evidence offered in

---

[2] The Court notes that the plaintiff even fails to submit to the Court portions of relevant deposition testimony that may support her contentions on liability.  On this state of the record, plaintiff's motion seems frivolous at the least.

3

support of the plaintiff's allegations, the issue of liability is clearly not ripe for summary judgment.

Accordingly, the motion is DENIED without prejudice as premature.

New Orleans, Louisiana, September 12, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE